UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TAMALA MASTERS,

    Plaintiff,                                        Case No. 3:17-cv-354

vs.

COMMISSIONER OF                              Magistrate Judge Michael J. Newman
SOCIAL SECURITY,                              (Consent Case)

    Defendant.

___

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
___

        This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 5),[1] and the record as a whole.

        Before reaching the merits of Plaintiff's appeal, the Court feels compelled to take pause and address a preliminary matter. At the Social Security hearing below, ALJ Motta submitted that, "[District Courts] don't read evidence…" and reiterated, on the record, "None of them read the evidence to the detail that the ALJ does." PageID 958.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

These statements are, at a minimum, troubling and inaccurate. Social Security cases make up a significant portion of federal court litigation.[2] In the Southern District of Ohio's Dayton seat of court, federal law clerks serving magistrate Judges spend a substantial percentage of their time devoted to reviewing and analyzing Social Security Appeals. Unbeknownst to many, countless hours are spent by District Court Judges, Magistrate Judges, and their law clerks pouring through medical records to ensure that each claimant receives a fair and appropriate review under controlling law. In most appeals, these medical records are several hundred pages in length. Each record is carefully and thoroughly considered as part of the appellate review process in this Court.

These realities stand in stark contrast to the ALJ's blithe assertion. On a disability benefits appeal, District Courts are *required* to determine whether an ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Necessarily involved in this determination is a thorough review of the medical evidence of record. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978) ("In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider *the record as a whole*") (emphasis added). Indeed, after such a review, this Court frequently finds ALJs' non-disability findings unsupported by substantial evidence.[3] District Courts are hesitant to reward immediate benefits on remand, but this is not due, as the ALJ avows, to a derelict review of the evidence. Rather, District Courts are conscientious about overstepping the heightened standard, which requires

---

[2] "Social Security cases add a hefty amount to the federal courts' workload… and claimants file suit in increasing numbers." Jonah B. Gelbach & David Marcus, A Study of Social Security Disability Litigation in the Federal Courts (2016).

[3] *See Hardin v. Comm'r of Soc. Sec.,* 2017 U.S. Dist. Lexis 122450, *report and recommendation adopted by* No. 3:16-cv-404 2017, U.S. Dist. Lexis 132074 (S.D. Ohio Aug. 18, 2018); *Hall v. Comm'r of Soc. Sec.*, No. 3:17-CV-345, 2018 WL 3386311 (S.D. Ohio July 12, 2018), *report and recommendation adopted,* No. 3:17-CV-345, 2018 WL 3636590 (S.D. Ohio July 31, 2018); *Dameron v. Comm'r of Soc. Sec.*, No. 3:17-cv-114, 2018 U.S. Dist. LEXIS 91024 (S.D. Ohio Apr. 18, 2018); *Greene v. Comm'r of Soc. Sec.*, No. 3:17-cv-281, 2018 U.S. Dist. LEXIS 76348 (S.D. Ohio May 7, 2018); *Marshall v. Comm'r of Soc. Sec.*, No. 3:16-CV-190, 2017 WL 4324763 (S.D. Ohio Sept. 29, 2017); *Morgan v. Comm'r of Soc. Sec.*, No. 3:17-CV-227, 2018 WL 1187807 (S.D. Ohio Mar. 7, 2018), *report and recommendation adopted,* No. 3:17-CV-227, 2018 WL 1927383 (S.D. Ohio Apr. 24, 2018); *Boldman v. Comm'r of Soc. Sec.*, No. 3:17-CV-255, 2018 WL 1061191 (S.D. Ohio Feb. 27, 2018), *report and recommendation adopted,* No. 3:17-CV-255, 2018 WL 1353298 (S.D. Ohio Mar. 14, 2018); *Dowell v. Comm'r of Soc. Sec.*, No. 2:16-cv-451, 2018 U.S. Dist. Lexis 17443 (S.D. Ohio Feb. 2, 2018); *Blankenship v. Comm'r of Soc. Sec.*, No. 3:14-CV-00235, 2015 WL 6907534 (S.D. Ohio July 7, 2015); *Hale v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 785, (S.D. Ohio 2017); *Mosley v. Comm'r of Soc. Sec.*, No. 3:14-CV-278, 2015 WL 6857852 (S.D. Ohio Sept. 14, 2015).

*overwhelming* proof of disability, before the granting of immediate benefits on remand. *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). With this preliminary issue addressed, the undersigned now turns to the merits of the case.

## I.

### A. Procedural History

Plaintiff filed for DIB alleging a disability onset date of March 10, 2008. PageID 1433. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease, myofascial pain syndrome, fibromyalgia, and carpal tunnel. PageID 42.

After an initial denial of her application, Plaintiff received a hearing before ALJ Carol Bowen on June 1, 2011. PageID 97-127. ALJ Bowen issued a written decision on August 1, 2011 finding Plaintiff not disabled. PageID 131-47. The Appeals Council granted Plaintiff's request for review, vacated ALJ Bowen's non-disability finding, and remanded the case to the ALJ for further proceedings. PageID 153-56. Specifically, the Appeals Council instructed the ALJ to reconsider Plaintiff's manipulative limitations in light of new and material evidence, a medical opinion authored by Plaintiff's treating physician, Eugene Kim, M.D. *Id*.

On remand from the Appeals Council, Plaintiff received a hearing before ALJ Amelia Lombardo on January 9, 2013. PageID 62-96. ALJ Lombardo issued a written decision on March 27, 2013 affording the new medical evidence no weight and similarly finding Plaintiff not disabled. PageID 40-54. The Appeals Council denied Plaintiff's request for review, PageID 1022, and Plaintiff filed an appeal with this Court, PageID 966. Finding that ALJ Lombardo erred, as did the prior ALJ, in her analysis of the opinion of Plaintiff's treating physician, this Court remanded for further proceedings. *Masters v. Comm'r of Soc. Sec., No.* 3:14-cv-337, 2016 U.S. Dist. LEXIS 39525 (S.D. Ohio Mar. 25, 2016).

On remand from this Court, Plaintiff received a third hearing before ALJ Elizabeth Motta on March 6, 2017. PageID 930-61. ALJ Motta issued a written decision on June 14, 2017 again affording little weight to Dr. Kim's opinion and finding Plaintiff not disabled. PageID 847. Specifically, ALJ

Motta found at Step Five that, based upon Plaintiff's RFC to perform a reduced range of light work,[4] including a limitation of frequent handling, "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" *Id*.

Thereafter, the Appeals Council denied Plaintiff's request for review of ALJ Motta's decision, making her non-disability finding the final administrative decision of the Commissioner. PageID 376-78. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal of ALJ Motta's June 14, 2017 non-disability finding. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This finding is now before the Court for review.

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ Motta's June 14, 2017 decision (PageID 830-47), Plaintiff's Statement of Errors (doc. 10) the Commissioner's memorandum in opposition (doc. 11), and Plaintiff's reply (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

Plaintiff argues that the ALJ erred on remand (1) by declining to follow this Court's prior order and findings; (2) in weighing the opinion of treating physician Dr. Kim; (3) by incorrectly calculating Plaintiff's RFC. The undersigned agrees with Plaintiff's first and second assignments of error -- as these arguments are interrelated -- and therefore need not reach the merits of Plaintiff's third suggested error.

Until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th

6

Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.*

Here, for a second time, this case was remanded to the ALJ to properly weigh the medical opinion authored by Plaintiff's treating physician, Dr. Kim. PageID 964-65. When, on remand, a court includes detailed instructions concerning the issues to be addressed, "deviation from the court's remand order in subsequent administrative proceedings is itself legal error." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1984). After an appeal and remand of the case, the duty of the ALJ is to comply with the mandate of the court and obey the directions therein. *Hollins v. Massanari*, 49 F. App'x. 533, 536 (6th Cir 2002). For reasons that are unclear to the undersigned, this did not occur here.

In its remand order, this Court provided the ALJ clear guidance on the errors to be avoided when reweighing Dr. Kim's medical opinion.[5] PageID 964-90. First, the ALJ was prohibited from focusing selectively on the normal portions of Plaintiff's clinical examinations when conducting the controlling weight analysis of Dr. Kim's opinion. PageID 983. This Court identified -- in a bullet point list --

---

[5] At the Social Security hearing below, the ALJ and Counsel for Plaintiff debated whether the instruction from this Court was to reweigh Dr. Kim's opinion or accept the Magistrate Judge's determination that Dr. Kim's opinion was entitled to controlling or deferential weight. PageID 953-55. The District Judge did not adopt section V.B of the Magistrate Judge's Report and Recommendation, the only section which specifically afforded Dr. Kim's opinion controlling or deferential weight. PageID 965-65. The undersigned therefore finds that it was not error, in and of itself, to reweigh Dr. Kim's opinion. *Hollins v. Massanari*, 49 Fed. Appx. 533, 536 (6th Cir. 2002) (holding that the ALJ is not prohibited "from acting in ways that go beyond, but are not inconsistent with, the District Court's opinion").

abnormal clinical findings supportive of Dr. Kim's opinion. PageID 982-83. Nearly none of these findings, however, appear in the ALJ's assessment of Dr. Kim's opinion. PageID 841-42.[6] Such a failure to consider the record as a whole is, in itself, error meriting reversal. *Hawthorne v. Comm'r of Soc. Sec.*, No. 3:13–cv–179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)) (An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position"); *cf. Carter v. Comm'r of Soc. Sec.,* No. 3:13-cv-296, 2015 WL 791473, at *6 (S.D. Ohio Feb. 24, 2015) (finding error where the ALJ referenced only normal findings while either ignoring or minimizing abnormal findings). But the omission in this instance is more egregious in light of the ALJ's blatant disregard of this Court's order to specifically consider certain abnormal clinical findings. *See Kaddo v. Comm'r of Soc. Sec.*, 238 F. Supp. 3d 939, 944 (E.D. Mich. 2017) ("[T]he failure by an ALJ to follow a remand order… can constitute a reversible error in federal court. This holds true regardless of whether substantial evidence otherwise supports the Commissioner's final decision").

Secondly, this Court explained in its Remand Order that the prior ALJ (*i.e.,* ALJ Lombardo) erred in substituting her own lay opinion in place of Dr. Kim's medical opinion. PageID 983-84. Dr. Kim was the only physician to review Plaintiff's 2011 EMG results documenting moderate bilateral carpal tunnel syndrome and, based on that review, limited Plaintiff to occasional handling. PageID 761. As a result, this Court instructed that the ALJ could not discredit Dr. Kim's opinion -- the only opinion based on a complete review of Plaintiff's medical records -- without "another medical source opinion" or other additional medical evidence. PageID 984.

On remand, ALJ Motta flouted these instructions. She unilaterally concluded -- without obtaining the mandated additional medical evidence -- that the EMG results and Dr. Kim's "mildly

---

[6] The ALJ failed to mention the following five findings identified as supportive of Dr. Kim's opinion: "strongly positive bilateral Tinel signs at Plaintiff's carpal tunnels; positive carpal tunnel compression tests; positive Phelan's testing which produced paresthesia in the index, long, ring, and small finders of both hands; Paresthesia upon compression of Plaintiff's bilateral Guyon's canals in all of her digits;… and weakness with manual motor testing in Plaintiff's bilateral upper extremities." PageID 982-83.

8

positive" findings could not support his opinion that Plaintiff was capable of occasional handling. PageID 842. Instead, ALJ Motta determined that the existing medical evidence supported a limitation of frequent handling. *Id*. The ALJ's analysis here not only directly contravenes court orders, but also, like the ALJ before her, impermissibly supplants the medical judgment of Plaintiff's treating physician. *Simpson v. Comm'r. of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings").

Relatedly, in assessing Dr. Kim's opinion, the ALJ found "noteworthy" the opinions of the state agency record reviewing physicians, who opined that Plaintiff is not impaired by carpal tunnel disease and requires no handling or fingering limitations. PageID 841. These conclusions made by the record reviewing physicians are unsurprising, as these doctors did not have the benefit of reviewing Plaintiff's 2011 EMG results or any evidence of Plaintiff's carpal tunnel disease. PageID 459-60. Although, in its Remand Order, this Court made explicit the folly of relying on these outdated decisions, PageID 985-86, ALJ Motta nevertheless reputed Dr. Kim's opinion on this basis, PageID 841.

Based on all of the foregoing, the ALJ's non-disability finding is unsupported by substantial evidence and must be reversed. *See Blakley*, 581 F.3d at 409-10 (holding that "the Commissioner must follow his own procedural regulations in crediting medical opinions").

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905

F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this case, evidence of disability is overwhelming. Treater Kim's uncontroverted opinion -- limiting Plaintiff to occasional fingering and handling -- is entitled to deferential, if not controlling, weight. Evidence to the contrary, *i.e.*, the opinion of record-reviewing physicians, is based upon a review on an incomplete record.

The undersigned also notes the unusual circumstances of this case: three unsound ALJ decisions, all of which included reversable error in the analysis of the same treating physician. Given these circumstances and the strong, uncontroverted evidence of record in support of a finding of disability, there is no just reason to further delay this matter for even more administrative procedures. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 730 (6th Cir. 2014) (remanding for benefits after two remands and three administrative hearings); *see also Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication"); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992) ("Because of the medical record, we think it unconscionable to remand this eight-year-old case to the Secretary for further review").

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   April 9, 2019                                  s/ Michael J. Newman
                                                       Michael J. Newman
                                                       United States Magistrate Judge